UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DEBRA LYNN HOGAN, CONNIE LOU WATTS HOGAN, ELIZABETH ANN HOGAN, MARILYN R. HOGAN, HOLMES FUNERAL HOME, INC.,<br><br>Defendants. | 3:21-CV-03006-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS |

Plaintiff Midland National Life Insurance Company filed a complaint for interpleader concerning a $250,000 death benefit payable under a life insurance policy issued to Brian K. Hogan, now deceased. Doc. 1 at 2. Defendants are adverse claimants to the death benefit. Doc. 33 at 2. This Court granted Plaintiff's Motion for Leave to Deposit its Admitted Contractual Liability, Doc. 19, ordered Plaintiff to deposit the death benefit proceeds with the Clerk of Courts, and discharged Plaintiff of liability from all claims related to the death benefit. Doc. 23. Plaintiff has deposited the death benefit proceeds and accrued interest, totaling $257,276.43, with the registry of this Court and filed a Motion for Attorneys' Fees and Costs. Doc. 32; Doc. 33 at 3. Plaintiff requests a total of $6,993.50 from the death benefit proceeds, consisting of $6,591.50 for its attorneys' fees and $402.00 for its costs. Doc. 33 at 3. Defendants have not opposed the motion.

1

"The court has discretion to award reasonable attorneys' fees to a stakeholder in an interpleader action from the funds deposited in the registry of the court." Hartford Life & Acc. Ins. Co. v. Rogers, No. 3:13-CV-101, 2014 WL 4980891, at *3 (D.N.D. Oct. 3, 2014) (citing N.Y. Life Ins. Co. v. Miller, 139 F.2d 657, 658 (8th Cir. 1944)); see also Federated Mut. Ins. Co. v. Moody Station & Grocery, 821 F.3d 973, 979 (8th Cir. 2016) (cleaned up and citation omitted) ("The decision to award attorney fees rests within the sound discretion of the district court . . ."). It is well-established that a "completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, [although] the amount allowed for such fees should be modest." Federated Mut. Ins. Co., 821 F.3d at 979 (quoting Hunter v. Fed. Life Ins. Co, 111 F.2d 551, 557 (8th Cir. 1940)). Therefore, interpleader's attorneys' fees may be awarded "to compensate a *totally disinterested stakeholder* who had been, by reason of the possession of the [death benefit proceeds], subjected to conflicting claims through no fault of its own." Dusseldorp v. Ho, 4 F. Supp. 3d 1069, 1070 (S.D. Iowa 2014) (quoting Ferber Co. v. Ondrick, 310 F.2d 462, 467 (1st Cir. 1962)); see also 7 Mary Kay Kane, Federal Practice and Procedure § 1719 (3d ed.), Westlaw (April 2021 Update); Hartford Life, 2014 WL 4980891, at *3 (quoting Metro. Life Ins. Co. v. Kubichek, 83 F. App'x 425, 431 (3d Cir. 2003)) ("A court may award attorneys' fees and costs to an interpleader plaintiff 'if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability.'").

Plaintiff has not asserted any interest in the death benefit proceeds, has deposited the funds with the Clerk of Courts, and has been discharged from liability. Doc. 23; Doc. 33 at 3. The requested funds are reasonable considering the procedural history of this case, and Defendants have not object to Plaintiff's motion. See Hartford Life, 2014 WL 4980891, at *3 (holding that a

Plaintiff's request of $5,546.04 for attorneys' fees and costs was reasonable in an interpleader action between an insurance company and adverse claimants to an insurance policy death benefit); Dusseldorp, 4 F. Supp. 3d at 1071 (citing Trustees of Directors Guild of Am. Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426–27 (9th Cir. 2000)) (Recoverable expenses include "attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit."). Therefore, it is

ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs, Doc. 32, is granted and the Clerk of Court is directed to pay Plaintiff $6,993.50 from the death benefit proceeds deposited with the registry of the Court.

DATED this 19th day of November, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE